UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDY WALKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6353** |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is Defendant Liberty Mutual Fire Insurance Company's ("Defendant") Rule 41(b) Motion to Dismiss.[1] The motion was filed on September 11, 2024, and set for submission on October 2, 2024.[2] Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date.[3] Plaintiff Brandy Walker ("Plaintiff") has not filed an opposition to the instant motion and therefore the motion is deemed unopposed. A federal district court may grant an unopposed motion if the motion has merit.[4] Having considered the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

## I. Background

Defendant issued homeowners policy number H3229138102500 to Bryan Calico and Maria Calico insuring the property at 1817 Laurel Grove Court, LaPlace, Louisiana 70068.[5] Brian

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 20-5.

[3] *See* EDLA Local Rule 7.5.

[4] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[5] Rec. Doc. 1-5.

1

Calico died prior to Hurricane Ida, and Maria Calico died shortly after Hurricane Ida, on December 2, 2021.[6] Plaintiff is the daughter of the insureds and the executor of their estate.[7] Plaintiff alleges that the property was damaged during Hurricane Ida.[8]

On August 30, 2023, Plaintiff filed suit against Defendant in the 40th Judicial District Court for the Parish of St. John the Baptist.[9] On October 18, 2023, Defendant removed the case to this Court.[10] Defendant filed an answer on December 15, 2023.[11] According to the St. John the Baptist Assessor, Plaintiff sold the property on or about May 2, 2024, to "Emily Flooring LLC."[12]

Pursuant to this Court's Hurricane Ida Case Management Order ("CMO"), Plaintiff was required to provide initial disclosures to Defendant within 45 days of Defendant's Answer.[13] Because Plaintiff did not provide any initial disclosures, Defendant filed a Motion to Compel on April 12, 2024.[14] Plaintiff then provided initial disclosures to Defendant on April 18, 2024, and Defendant withdrew the Motion to Compel.[15]

---

[6] Rec. Doc. 20-4 at 1.

[7] *Id.* at 1–2.

[8] Rec. Doc. 1-2.

[9] Rec. Doc. 1-2.

[10] Rec. Doc. 1.

[11] Rec. Doc. 6.

[12] Rec. Doc. 20-4 at 2.

[13] Rec. Doc. 7.

[14] Rec. Doc. 12.

[15] Rec. Doc. 15.

After reviewing the initial disclosures, Defendant identified certain deficiencies and requested a status conference with the Magistrate Judge.[16] During the status conference, the Magistrate Judge instructed Plaintiff's counsel to obtain the requested information and documentation from Plaintiff and provide it to Defendant.[17] Following the status conference, Plaintiff's counsel emailed the Magistrate Judge's chambers and defense counsel to inform them that he could not provide the requested information because he was unable to reach Plaintiff.[18]

On August 20, 2024, the Magistrate Judge issued an order explicitly requiring that Plaintiff supplement the initial disclosures no later than September 3, 2024.[19] To date, Plaintiff still has not provided the discovery despite the requirements of the CMO and an explicit order from this Court. On September 11, 2024, Defendant filed the instant Rule 41(b) Motion to Dismiss.[20] Plaintiff did not oppose the motion. On November 25, 2024, the Magistrate Judge held a status conference with counsel for both Plaintiff and Defendant.[21] Plaintiff's counsel informed the Magistrate Judge that he had no information upon which to oppose the instant motion because he still has not been able to reach Plaintiff.

## II. Defendant's Arguments

In the motion, Defendant requests that the Court dismiss Plaintiff's claims for failure to

---

[16] Rec. Doc. 18.

[17] Rec. Doc. 20-4 at 3.

[18] *Id.*

[19] Rec. Doc. 19.

[20] Rec. Doc. 20.

[21] Rec. Doc. 22.

3

prosecute.[22] Defendant argues that the following aggravating factors justify dismissal of the lawsuit: (1) Plaintiff, not her counsel, is responsible for the delay; (2) there is actual prejudice to Defendant as it has spent considerable resources attempting to obtain this discovery; and (3) Plaintiff's conduct is a violation of her contractual duties under the insurance policy.[23]

### **III. Legal Standard**

Pursuant to Federal Rule of Civil Procedure 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[24] To dismiss an action in this manner, there must be a clear record of delay or contumacious conduct by the plaintiff, and the court must expressly find that no lesser sanction would suffice to prompt diligent prosecution.[25] A clear record of delay is found where there have been "significant periods of total inactivity."[26] Even when that standard is met, at least one of the following "aggravating factors" should usually be present: (1) the delay was caused by the plaintiff, as opposed to his attorney; (2) the defendant suffered actual prejudice; or (3) the delay was caused by intentional conduct.[27] Dismissals pursuant to Rule 41(b) are reviewed for abuse of discretion.[28]

---

[22] Rec. Doc. 20-4 at 7.

[23] *Id.* at 5–7.

[24] Fed. R. Civ. P. 41(b); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

[25] *Raborn v. Inpatient Mgmt. Partners Inc.*, 278 F. App'x 402, 404 (5th Cir. 2008).

[26] *Berry v. CIGNA/RSI CIGNA*, 975 F.2d 1188, 1191 n. 5 (5th Cir. 1992) (citing *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252 (5th Cir. 1984)).

[27] *Id.*

[28] *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

Similarly, Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may, on motion, order sanctions if a "party . . . fails to obey an order to provide or permit discovery . . . ." Rule 37(b)(2)(A) also sets forth the types of sanctions a court may impose.[29] Possible sanctions are listed in Rule 37(b)(2)(A)(i)-(vii) and include, among other options, dismissing the action or proceeding in whole or in part.[30] "Because of the severity of [the] sanction, dismissal with prejudice typically is appropriate only if the refusal to comply with a discovery order results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct."[31]

Dismissal of a plaintiff's action with prejudice is "reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders."[32] "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice" of a claim or affirmative defense.[33] Dismissal with prejudice "is a severe sanction that deprives a litigant of the opportunity

---

[29] Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

[30] Fed. R. Civ. P. 37(b)(2)(A)(v).

[31] *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990).

[32] *Bombardier v. State Farm Fire and Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, Mag.) (citing *Doe v. Am. Airlines*, 283 F. App'x 289, 291 (5th Cir. 2008); *Davis v. Auto Club Family Ins. Co.*; No. 07-8545, 2008 WL 5110619, at *1 (E.D. La Dec. 2, 2008) (Vance, J.) (citing *FDIC v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)); quoting *Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985); *EEOC v. Gen. Dynamics Corp.*, 999 F.2d 113, 119 (5th Cir. 1993)).

[33] *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011) (quoting *McNeal v. Papasan*, 842 F.2d 787, 792 (5th Cir. 1988)).

to pursue his claim."[34] It is an appropriate sanction, therefore, only where the misconduct is egregious and where "lesser sanctions would not serve the best interests of justice."[35]

## **IV. Analysis**

On September 11, 2024, Defendant filed the instant Rule 41(b) Motion to Dismiss.[36] Plaintiff has not opposed this motion. For the reasons that follow, the record undisputedly establishes that Plaintiff has, on numerous occasions, failed to comply with court orders, respond to Defendant, or provide discovery necessary to move this case forward.

Federal Rule of Civil Procedure 37(b)(2)(A) provides for sanctions against a party who fails to obey a discovery order, including dismissing the action or proceeding in whole or in part.[37] Despite an order requiring Plaintiff to supplement her initial disclosures on or before September 3, 2024, Plaintiff still has not done so. Therefore, Plaintiff has failed to comply with the CMO and a discovery order compelling her discovery responses.

Likewise, pursuant to Rule 41(b), "if the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."[38] Plaintiff has failed to comply with the CMO and a discovery order. Plaintiff's counsel represented to the Court that he has been unable to reach Plaintiff, and Plaintiff has not provided her counsel with the information needed to prepare complete initial disclosures. This delay was caused by Plaintiff, not her attorney. Defendant has shown actual prejudice, as it

---

[34] *Id.*

[35] *Id.*

[36] Rec. Doc. 20.

[37] Fed. R. Civ. P. 37(b)(2)(A)(v).

[38] Fed. R. Civ. P. 41(b); *see also McCullough*, 835 F.2d at 1127.

has spent considerable resources attempting to obtain information that Plaintiff should have provided voluntarily. The delay was caused by intentional conduct on Plaintiff's part. Despite numerous attempts from her attorney and repeated interventions by the Magistrate Judge, Plaintiff has failed to provide the basic information needed to move this case forward.

The Court finds that there is a clear record of unreasonable delay caused by Plaintiff, and that no lesser sanction other than dismissal would suffice.[39] Therefore, the Court finds that it is appropriate to dismiss Plaintiff's claims with prejudice to best serve the interests of justice because Plaintiff has repeatedly demonstrated an unwillingness to continue prosecution in this case. Even if the Court were to consider a lesser sanction of dismissal without prejudice, the dismissal would ostensibly be with prejudice as "the statute of limitations prevents or arguably may prevent" Plaintiff from refiling the case.[40] The instant motion was filed nearly four months ago, and Plaintiff has done nothing to demonstrate any intention to prosecute this case.

---

[39] *Raborn*, 278 F. App'x 402, 404 (5th Cir. 2008); *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

[40] *Raborn*, 278 F. App'x at 404.

## V. Conclusion

Based on the foregoing, the record undisputedly establishes that Plaintiff has on numerous occasions failed to comply with court orders, respond to her attorneys, or provide Defendant with information needed to move this case forward. Plaintiff has not opposed this motion. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Liberty Mutual Fire Insurance Company's ("Defendant") Rule 41(b) Motion to Dismiss[41] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this 8th day of January, 2025.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[41] Rec. Doc. 20.